IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------
EILEEN MACDOWELL, et al,

                        Plaintiffs,

-vs-

KOHL'S CORPORATION, et al,

                        Defendants.
------------------------------------------------

CASE NO. 1:10 CV 2034

MEMORANDUM OF OPINION AND
ORDER GRANTING PLAINTIFFS'
MOTION FOR REMAND AND
DENYING PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND COSTS

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court are a motion to remand and a motion for attorneys' fees and costs, filed by the plaintiffs Eileen MacDowell and Robert MacDowell. (Doc. 6). The defendants, Kohl's Corporation ("Kohl's), Equifax Information Services, LLC, Trans Union Corp., and Experian Credit Bureau, have filed a response in opposition. (Doc. 10). For the reasons that follow, the plaintiffs' motion for remand will be granted, and their motion for attorneys' fees and costs will be denied.

**I. Background**

On 10 April 2010, the MacDowells filed a complaint in Garfield Heights Municipal Court, essentially alleging that their creditor Kohl's had been charging them interest in excess of an agreed upon amount. (Doc. 1-1). The MacDowells further alleged that after Kohl's had been apprised of the apparent discrepancy, it was under an obligation

to verify the accuracy of the account or cease collection. Kohl's apparently did neither, and, after the Macdowells ceased making payments, Kohl's reported their delinquency to the credit reporting agencies also named as defendants in this case. The MacDowells claimed that they suffered damages as a result and sought relief through four stated causes of action: breach of contract, fraud and deceit, slander, and invasion of privacy.

On 26 April 2010, the MacDowells filed an amended complaint in municipal court purporting to dismiss their claim under the Fair Debt Collection Practices Act ("FDCPA"). (Doc. 1-2). The effect of this voluntary dismissal is unclear, however, as the MacDowell's initial complaint does not appear to contain any explicit claim for relief under the FDCPA. The plaintiffs' amended complaint otherwise appears almost identical to the initial complaint. (Doc. 1-3).

On 12 August 2010, the MacDowells filed a second amended complaint, styled as "Final Amended Complaint for Breach of Contract, Defamation, and Invasion of Privacy." (Doc. 1-5). The factual allegations contained therein are much the same, but the plaintiffs recast their causes of action in the manner just noted.

It was on the basis of this second amended complaint that the defendants decided to remove the case to federal court. The defendants maintain that removal is proper and the Court has subject matter jurisdiction based on a federal question. With respect to the latter, they point out that the paragraphs comprising plaintiffs' claim for breach of contract mention a legal duty that has its basis in federal law, namely, the FDCPA. (Doc. 1, ¶3). They claim that the plaintiffs' mention of the FDCPA and their references to a "Notice of Dispute," a term whose application they suggest is limited to

2

the FDCPA cases, amounts to a claim under that statute. Essentially, they argue that the plaintiffs' first count, entitled "breach of contract," is actually a FDCPA claim in disguise, and that the Court should accordingly assume federal question jurisdiction. They argue that the Court has "arising under" jurisdiction under two theories: either (1) the plaintiffs' cause of action was created by federal law, or (2) the plaintiffs have asserted a state law claim involving a substantial federal question. The defendants raise no other grounds upon which jurisdiction would be proper.

The MacDowells, on the other hand, argue that their incidental reference to the FDCPA does not amount to a federal cause of action, nor does it raise a substantial federal question. (Doc.6, pp. 7-8). As such, they maintain that the case should be remanded to municipal court for lack for subject matter jurisdiction.

## II. Discussion

The question before the Court, therefore, is whether the references to the FDCPA and the "notice of dispute" in the plaintiffs' complaint amount either to a cause of action created by federal law, or to a substantial federal question embedded in a state law claim.

The defendants have the burden to demonstrate the propriety of removal. Gafford v. General Elec. Co., 997 F.2d 150, 155 (6th Cir. 1993). The federal removal statute allows a defendant to remove "civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court." Lincoln Prop. Co. v. Roche, 546 U.S. 81(2005). The removal statute is to be strictly construed, and any doubt concerning the propriety of removal

3

should be resolved in favor of remand. See Union Planters Nat. Bank of Memphis v. CBS, Inc., 557 F.2d 84, 89 (6th Cir. 1977).

Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In determining whether an action "arises under" federal law, the Court must observe well-pleaded complaint rule, which requires that a federal question be presented on the face of the complaint. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). There are two varieties of "arising under" jurisdiction. The first, and more common, is invoked when a plaintiff presents a cause of action created by federal law. Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308 (2005). The other, known as the substantial federal question doctrine, involves state-law claims between non-diverse parties that implicate significant federal issues. Id. The Court will address each in turn.

### A. Does the Complaint Present a Cause of Action Created by Federal Law?

Whether there is a cause of action created by federal law present on the face of the MacDowells' removed complaint is, at best, ambiguous. Although the plaintiffs mention the FDCPA and a "notice of dispute," they do not explicitly seek relief under any federal statute. As already noted, their references to federal law appear in a section entitled "Breach of Contract," and the allegations contained therein revolve around an alleged breach of an account agreement controlled by state law. Furthermore, the MacDowells' failure to make what would be a necessary allegation to properly state a claim under the FDCPA – that the defendants are in fact "debt

4

collectors" or would otherwise be subject to the FDCPA – suggests that they are not seeking relief under federal law. Therefore, because a cause of action created by federal law is not apparent on the face of the complaint, the Court will resolve the ambiguity in favor of remand. See Union Planters, 557 F.2d at 89 ("All doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction").

### B. Does the Complaint Involve a Substantial Federal Question?

The defendants argue alternatively that the plaintiffs' reference to federal law presents a substantial federal question by which jurisdiction would be proper. Under the substantial federal question doctrine, "a state law cause of action may actually arise under federal law, even though Congress has not created a private right of action, if the vindication of a right under state law depends on the validity, construction, or effect of federal law." Mikulski v. Centerior Energy Corp., 501 F.3d 555, 568 (6th Cir. 2007)(citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9 (1983)). "As an initial proposition, then, the 'law that creates the cause of action' is state law, and original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." Franchise Tax Bd., 463 U.S. at 13. The mere presence of a federal issue in a state law cause of action does not automatically confer federal question jurisdiction, either originally or on removal. Mikulski, 501 F.3d at 565. Such jurisdiction remains exceptional and federal courts must determine its availability, issue by issue. Id.

This avenue into federal court calls for the satisfaction of three criteria: "(1) the state-law claim must necessarily raise a disputed federal issue; (2) the federal interest in the issue must be substantial; and (3) the exercise of jurisdiction must not disturb any congressionally approved balance of federal and state judicial responsibilities." Mikulski,501 F.3d at 568 (citing Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 314 (2005).

The defendants have not shown this to be the sort of exceptional case that the substantial federal question doctrine was meant to encompass, as their arguments regarding plaintiffs' complaint reveal no federal issue that is either substantial or necessary to the resolution of the MacDowells' state law claims. The defendants contend that the plaintiffs' state law claims "center" on the allegation that Kohl's violated the FDCPA by failing to acknowledge the "notice of dispute." (See Doc. 10, p. 6). However accurate this assessment of the complaint might be, it does not explain how the plaintiffs' state law claims would depend upon the interpretation of federal law. Nor does it explain how this is a substantial federal issue. The question is whether a determination of the plaintiffs' rights under state law would somehow, necessarily and substantially, turn on the interpretation of federal law. The defendants present nothing specific to suggest that federal law would have any bearing on either the parties' contract rights under the account agreement or the plaintiffs' state law tort claims. The defendants' conclusory assertions are insufficient to overcome the presumption against removal.

### C. Plaintiffs' Motion for Attorneys' Fees

The plaintiffs motion the Court for attorneys' fees and costs associated with the removal of this matter. Under 28 U.S.C. §1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

While the defendants failed to meet their burden to show that removal was proper, they did not lack an objectively reasonable basis for making an attempt. The plaintiffs motion for fees and costs will accordingly be denied.

### III. Conclusion

For the foregoing reasons, the plaintiffs' motion to remand is granted. The plaintiffs' motion for attorneys fees and costs is denied. This matter is hereby remanded to Garfield Heights Municipal Court.

IT IS SO ORDERED.

*/s/ Lesley Wells*
UNITED STATES DISTRICT JUDGE

Date: 18 November 2010